MARION J. KELSEY, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 20533.) — Order affirmed, without costs. All concur. (The order restores the case to the trial calendar on motion of the claimant.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of STANLEY APENOWICH, Petitioner, for an. Order against WILLIAM HUNT, as Warden of Attica State Prison, and Others, Respondents.— Determination of Commissioner of Correction confirmed, without, costs. All concur. (Proceeding under article 78 of Civil Practice Act to review the determination of defendant Lyons in dismissing petitioner from his position as prison guard at Attica Prison and to compel his reinstatement.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

ANNABELLE WILLIAMS, Respondent, v. ARTHUR L. WILLIAMS, Appellant.— Judgment reversed on the law and facts, without costs, and a new trial granted.. Memorandum: In the memorandum and decision subscribed by him, the learned official referee found and decided that neither the plaintiff nor the defendant was entitled to a separation and he dismissed both the complaint and the counter-claim. Having dismissed the complaint, the referee had no power or jurisdiction to direct the defendant to pay to the plaintiff the sum of thirty-five dollars per month for her support. ( Neville v. Neville, 260 App. Div. 902.) In the findings of fact made after the decision had been rendered the referee found, in substance, that the defendant neglected to support the plaintiff after the separation of the parties. The plaintiff argues that this finding is sufficient to sustain the judg-ment appealed from. Suffice to say that the finding, if valid, is against the weight of the evidence. The interests of justice require that the judgment be reversed and that a new trial be granted, without costs to either party. All concur. (The judgment directs the defendant to pay for the support and maintenance of plaintiff in a separation action.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of ANNA MONACO WARREN, Respondent, for an Order Directing JOHN F. ASZKLER, Mayor of the City of Lackawanna, and Others, to Reinstate Petitioner, etc., Defendants. JOHN CITAK, JOSEPH KASPRZAK and WILLIAM CARROLL, Appellants.— Order affirmed, without costs. All concur. (The order directs defendants to restore petitioner to her position as stenographer, bookkeeper and general clerk and certify and audit her salary in a mandamus proceeding.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

In the Matter of the Application of STEPHANIA MIAZGA, Respondent, for an Order Directing JOHN F. ASZKLER, Mayor of the City of Lackawanna, and Others, to Reinstate Petitioner, etc., Defendants. JOHN CITAK, JOSEPH KASPRZAK and WILLIAM CARROLL, Appellants.— Same decision and like cause of action as in companion case of Matter of Warren v. Aszkler (ante, p. 799). Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

In the Matter of the Application of CECELIA SWIATEK, Also Known as CELIA SWIATEK, Respondent, for an Order Directing JOHN F. ASZKLER, Mayor of the City of Lackawanna, and Others, to Reinstate Petitioner, etc., Defendants. JOHN CITAK, JOSEPH KASPRZAK and WILLIAM CARROLL, Appellants.— Same decision and like cause of action as in companion case of Matter of Warren v. Aszkler (ante, p. 799). Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.